UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG SCOTT NOE,

    Applicant,

v.                                       CASE NO. 8:15-cv-2029-T-23AAS

SECRETARY, Department of Corrections,

    Respondent.
                                 /

## **O R D E R**

Noe applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions both for armed burglary of a dwelling and for dealing in stolen property, for which convictions Noe is imprisoned for life as a prison releasee re-offender. The respondent moves (Doc. 6) to dismiss the application as time-barred. Noe contends that the application is timely, and (if one affords his application a generous interpretation) he asserts entitlement to a review on the merits.

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C.

§ 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Noe's conviction became final on October 29, 2012.[1] The federal limitation barred his application one year later on October 29, 2013, absent tolling for a timely post-conviction application in state court. Noe let 320 days elapse before he moved under state Rule 3.850 for post-conviction relief on September 15, 2013. Tolling continued until April 4, 2014, when the time expired to appeal the denial of the Rule 3.850 motion. *See Booth v. State*, 14 So. 3d 291, 292 (Fla. 2nd DCA 2009); *Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988). Noe had 45 days remaining (365 - 320 = 45). Tolling commenced again 30 days later when Noe filed another Rule 3.850 motion on May 5, 2014. (Respondent's Exhibit O) Noe had 15 days of the limitation remaining (45 - 30 = 15). The limitation remained tolled until the mandate issued on June 11, 2015, in 2D14-4594. (Respondent's Exhibit T) As a consequence, Noe's deadline was June 26, 2015. Noe began no other tolling proceeding in state court before the deadline. Noe's application under Section 2254 was filed 59 days later on August 24, 2015. (Doc. 1 at 25) The application is untimely.

---

[1] Noe's direct appeal concluded on July 31, 2012. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

Paragraph eighteen of the form for filing a Section 2254 application informs an applicant about the federal one-year limitation and requires an applicant to address the timeliness of his application. The footnote on the preceding page of the form explains that the federal one-year limitation begins after expiration of the time for filing a petition for the writ of *certiorari* on direct appeal. Noe mis-calculates his one-year federal limitation by counting the ninety days from the mandate on direct appeal instead of ninety days from the date of the order affirming the conviction. This distinction is specifically stated in Supreme Court Rule 13(3), which provides that the ninety days allowed to petition for the writ of *certiorari* "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . ." *See Clay v. United States*, 537 U.S. 522, 527 (2003).

Noe's reply (Doc. 11) to the response re-counts the dates of various filings and concludes that his application is timely. Noe again erroneously relies upon the date the mandate issued, and he fails to account for the un-tolled time that elapsed between the two Rule 3.850 motions. The reply asserts entitlement to neither a limitation under Sections 2244(d)(1)(B)–(D) nor an exception to the limitation.

Because the district court's initial review of the application showed that the application was possibly untimely, the district court ordered Noe to show cause why his application is not time-barred. (Doc. 3) In response to that order Noe represents both that beginning April 13, 2015, he was "locked up in confinement," where he was denied access to his legal papers despite his requests, and that the denial of

access to his legal papers continued until July 20, 2015, when he was transferred to another prison. (Doc. 4) The district court ordered the respondent to address the application's timeliness because Noe represented possible entitlement either to equitable tolling of the limitation or to a limitation under Section 2244(d)(1)(B), which affords a delayed limitation if a state impediment precluded applying under Section 2254 earlier. The respondent argues that Noe is entitled to neither, an argument that Noe fails to address in his reply.

**Limitation Based on State Impediment:**

Section 2244(d)(1)(B) affords a limitation from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed." This provision is inapplicable because Noe's limitation began before the restriction was imposed; in fact, Noe had only fifteen days of the limitation remaining when he was restricted from accessing the legal papers. The respondent correctly argues that solitary confinement is a lawful form of imprisonment. *See Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006) (A limitation under this section requires an impediment that was caused by an "illegal state action."), *cert. denied*, 549 U.S. 1338 (2007). Noe fails to show that lack of access to his legal papers precluded his access to the courts. Noe's better argument for timeliness lies with equitable tolling and not with a limitation under Section 2244(d)(1)(B).

**Equitable Tolling:**

The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). Noe must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419. To satisfy the second requirement, Noe must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). See cases collected in *Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and

typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

Noe represents that he was deprived of access to his legal papers from April 13, 2015, until July 20, 2015. Noe filed his Section 2254 application on August 24, 2015, five weeks after he had access to the legal papers. Arguably, Noe exercised due diligence, and his lack of access to the legal papers qualifies as an extraordinary circumstance because the lack of access was beyond his control. As a consequence, Noe arguably qualifies for equitable tolling during the time he was denied access to his papers. Nevertheless, the application is untimely even if granted equitable tolling.

Although his lack of access began on April 13, 2015, the mandate on the denial of his second Rule 3.850 motion did not issue until June 11, 2015. As a consequence, equitable tolling would apply from the issuance of the mandate until July 20, 2016, when he was transferred and received his papers. As determined above, Noe had fifteen days of the limitation remaining when he filed the second motion for post-conviction relief. Equitable tolling would extend the limitation to August 4, 2015. Noe filed his application on August 24, 2015, twenty days late even with the benefit of equitable tolling.

Accordingly, Noe's application (Doc. 1) under Section 2254 is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Noe and close this case.

# DENIAL OF BOTH
# CERTIFICATE OF APPEALABILITY
# AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Noe is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Noe must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Noe is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Noe must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 27, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE